IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAR 28 2012
JULIA C. DUDLEY, CLERK
BY: /s/ Paty Colen
DEPUTY CLERK

| | |
|---|---|
| JENNIFER BLANZY,<br>        *Plaintiff,*<br><br>v.<br><br>GRIFFIN PIPE PRODUCTS CO., INC. AND<br>REGINALD M. JENKINS,<br>        *Defendants.* | CASE NO. 6:11-cv-00050<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants oppose the motion, and oral argument was heard on March 27, 2012. For the reasons that follow, I will grant Plaintiff's motion and dismiss the case without prejudice.

### I. FACTUAL BACKGROUND

This personal injury action arises out of a collision between a bike, being ridden by Plaintiff Jennifer Blanzy ("Blanzy"), and a dump truck, being driven by Defendant Reginald Jenkins ("Jenkins"), an employee of Defendant Griffin Pipe Products Co., Inc. ("Griffin Pipe"). The factual allegations of the amended complaint are as follows.

On May 27, 2011, Blanzy was riding her bike near the intersection of Main Street and Commerce Street in Lynchburg, Virginia. When she arrived at the intersection, Blanzy came to a stop at the crosswalk that extends across Commerce Street and runs parallel to Main Street. Eventually, the light facing westbound traffic on Main Street turned green. At that point, a dump truck owned by Griffin Pipe and being operated by Jenkins made a right-hand turn from Main

Street onto Commerce Street. In the process of turning, the dump truck struck Blanzy, who had begun to cross Commerce Street as permitted by the "WALK" sign on the pedestrian signal facing her. Blanzy and her bicycle became wedged underneath the truck, and she was dragged for approximately 15 feet before a bystander could signal to Jenkins that he had hit Blanzy.

Blanzy claims that she suffered severe physical, mental, and emotional pain as a result of being struck and dragged by the truck. In the aftermath of the accident, Blanzy underwent two surgeries and received 22 deep tissue stitches in her left thigh. Blanzy maintains that she continues to suffer from considerable pain and discomfort.

On the basis of these facts, Blanzy asserts four causes of actions in her amended complaint for: (1) negligence in operating a vehicle (against Jenkins); (2) *respondeat superior* (against Griffin Pipe); (3) negligent hiring (against Griffin Pipe); and (4) property damage (against both Defendants). Ultimately, she seeks $500,000.00 in damages.

## II. RELEVANT PROCEDURAL BACKGROUND

On December 19, 2011, I entered a pretrial order in this case. Pursuant to that order, the parties jointly submitted a Federal Rule of Civil Procedure 26(f) conference report and proposed discovery plan on February 13, 2012, in which they modified the pretrial order in some regards. The parties agreed to submit initial disclosures no later than February 14, 2012, and to serve expert disclosures no later than February 29, 2012.

On February 14, 2012, Defendants timely filed their initial disclosures. However, Blanzy waited until the next day, February 15, 2012, to submit hers, and, according to Defendants, they were incomplete. Evidently, the law firm representing Blanzy was undergoing unspecified structural changes at this time. The attorney primarily responsible for handling Blanzy's case,

John Ross, was in the process of leaving the firm in order to start his own practice. Blanzy's attorneys of record informed counsel for Defendants of these developments. The lead attorney for Blanzy at this juncture is Abram Pafford ("Pafford").

After requests by Defendants for the missing initial disclosure information went unfulfilled, counsel for Blanzy eventually emailed medical billing records on February 29, 2012. No medical treatment records, damages calculations, or expert information was included. Blanzy made no request for an extension of time to serve her expert disclosures.

On March 3, 2012, Pafford emailed Defendants' counsel, expressing his intention to seek voluntary dismissal without prejudice and inquiring whether Defendants would consent to such a dismissal. In the email, Pafford informed Defendants' counsel that his firm would not be representing Blanzy in any future proceedings. Additionally, Pafford acknowledged the fact that Blanzy's expert disclosures had not yet been served. However, he also stated that the only experts Blanzy would be identifying would be the medical personnel who treated her in the wake of the incident (and who had already been identified as fact witnesses in the initial disclosures served on February 15, 2012).

Counsel for Defendants never responded to this email, and instead filed a motion in limine on March 6, 2012, seeking to exclude the testimony, evidence, and information of any expert witness on behalf of Blanzy at any future proceedings. The basis of the motion in limine, which the parties have set for a hearing on April 24, 20102, was Blanzy's failure to comply with the deadline for serving expert disclosures. On March 7, 2012, Defendants' counsel responded to the March 3, 2012 email, stating that Defendants opposed a dismissal without prejudice. On March 8, 2012, Blanzy finally served her expert disclosures. And on March 9, 2012, Blanzy filed the motion for voluntary dismissal without prejudice that is presently before the Court.

### III. LEGAL STANDARD

Once a defendant has served an answer, as is the case here, a voluntary dismissal sought by the plaintiff may be granted "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see also Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) ("A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent *substantial* prejudice to the defendant.") (emphasis added). Whether a motion for voluntary dismissal without prejudice should be granted is a decision committed to the discretion of the district court. *Davis*, 819 F.2d at 1273. In considering such a motion, the district court "must focus primarily on protecting the interests of the defendant," and it may impose conditions on dismissal toward that end. *Id.*

### IV. DISCUSSION

The central question posed by Blanzy's motion is whether granting it will prejudice Defendants. The United States Court of Appeals for the Fourth Circuit has conceded that its "jurisprudence on the issue of what constitutes sufficient prejudice to a nonmovant to support denial of a motion for voluntary dismissal under Rule 41(a)(2) is not free from ambiguity." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008). While there is no bright line test in this regard, the Fourth Circuit has stated that in deciding a motion for voluntary dismissal, "a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as the present stage of

litigation." *Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). As a matter of law, "a plaintiff's loss of a tactical advantage, a defendant's loss of certain affirmative defenses, or a defendant's inconvenience at having to defend against a second lawsuit, even if the second suit is in a different venue, do not rise to the level of prejudice so as to bar a voluntary dismissal." *Dean v. WLR Foods, Inc.*, 204 F.R.D. 75, 77 (W.D. Va. 2001); *see also Davis*, 819 F.2d at 1274 ("It is well-established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit.").

Careful consideration of the aforementioned factors as well as the case law addressing voluntary dismissal under Rule 41(a)(2) leads me to conclude that Defendants will not be prejudiced by dismissal, and therefore that the motion should be granted.

First, counsel for Blanzy has proffered a legitimate explanation for the need to dismiss— namely, the fact that the attorney who had primary responsibility for her case, John Ross, was in the process of leaving the law firm that currently represents her during the time period relevant to the instant motion. Indeed, according to Blanzy, the re-constitution of the firm became effective on February 29, 2012, the day on which her expert disclosures were due. Additionally, that firm has disavowed interest in representing her in any future litigation. I find that this explanation is reasonable and lacks any indicia of bad faith.

Second, Blanzy filed the motion for voluntary dismissal with sufficient promptness. Counsel for Defendants, who had already been apprised of the structural changes taking place within the law firm representing Blanzy, received an email from Pafford on March 3, 2012, in which he proposed a consent motion for voluntary dismissal without prejudice. However, as previously mentioned, Defendants' counsel declined to respond to this email, and instead filed a

motion in limine seeking exclusion of all expert information from future proceedings. Ultimately, Blanzy moved for voluntary dismissal only three days after that motion in limine was filed, and only two days after Defendants' counsel finally responded via email that Defendants would not consent to voluntary dismissal without prejudice. Therefore, while Blanzy was unequivocally late in making her expert disclosures, there can be no serious contention that she was dilatory in filing the voluntary dismissal motion.

Third, this case is in the early stages of litigation. To date, no depositions have been noticed or taken, no hearings have been held aside from the one on the instant motion, and Blanzy represents that she has served no discovery requests upon Defendants.[1] Significantly, voluntary dismissal motions have been granted in cases at similar or more advanced stages of litigation. *See, e.g., Bridge Oil, Ltd. v. Green Pacific A/S*, 321 F. App'x 244, 245–46 (4th Cir. 2008) (upholding order granting dismissal without prejudice despite the fact that some discovery had taken place and a summary judgment motion was pending); *Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 87–89 (4th Cir. 2007) (affirming order dismissing complaint without prejudice under Rule 41(a)(2) notwithstanding the fact that an interlocutory appeal had taken place and a summary judgment motion was pending). And in those cases in which voluntary dismissal motions have been denied, the litigation had progressed considerably beyond the stage at which the instant matter rests. *See, e.g., Howard*, 302 F. App'x at 179–80 (upholding district court's denial of voluntary dismissal motion in case in which all discovery had been completed and the trial was only two weeks away); *Francis v. Ingles*, 1 F. App'x 152, 154 (4th Cir. 2001) (affirming district court's denial of motion to dismiss without prejudice because the "plaintiff's motion came after a lengthy discovery period and merely one week

---

[1] Defendants served one set of document requests and one set of interrogatories on Blanzy. However, Blanzy filed responses to these requests on March 9, 2012.

before the scheduled trial date" and because "the motivation for the motion appeared to be to circumvent" a discovery ruling, which counsel could have avoided "by deposing the witness within the discovery period"); *Sullivan v. Westinghouse Elec. Corp.*, Nos. 87-3576, 87-3577, 1988 WL 54059, at *2 (4th Cir. May 19, 1988) ("Given the advanced stage of the proceedings, the district court's denial of [the plaintiff's] motion was not an abuse of discretion."). Clearly, the procedural posture of the case at hand, which is in its relative infancy, is more similar to that of the cases in which voluntary dismissal motions have been upheld.

      Fourth, I find unavailing the argument put forth by Defendants that Blanzy's effort to obtain dismissal without prejudice is driven by her desire to circumvent a potentially adverse ruling on the outstanding motion in limine. Not only does Defendants' position unjustifiably assume that they would prevail on their motion in limine, but it also ascribes to Blanzy a motive unsupported by the procedural history of the case. As I previously stated, Blanzy communicated her intention to seek a voluntary dismissal in the March 3, 2012 email that Pafford sent to Defendants' counsel three days *before* the motion in limine was filed on March 6, 2012. The fact that Blanzy waited until March 9, 2012 to actually file her motion for voluntary dismissal was a decision plainly influenced by the initial unresponsiveness of Defendants' counsel and the filing of the motion in limine, and is therefore of no moment.

      Finally, in the event Blanzy's motion is granted, Defendants urge me to attach a condition precluding Blanzy from using expert information in any future proceedings. In other words, even if Defendants do not prevail on the motion presently before me and the case is dismissed, they nevertheless seek effectively the same relief requested in their motion in limine. In support of this position, Defendants cite Federal Rule of Civil Procedure 37(c), which in part provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fourth Circuit has stated that it gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *S. States Rack & Fixtures, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003). However, it has also prescribed factors to guide the district court's analysis. Those factors include: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Id.* at 597. This inquiry requires the district court to determine whether there is "surprise and prejudice" to the party against whom the disputed evidence is to be introduced. *Id.* at 596.

      In the case at hand, I decline to impose sanctions under Rule 37 because although Blanzy undoubtedly missed the deadline for identifying expert witnesses, her delay in doing so was essentially harmless. Defendants cannot seriously maintain that the eventual disclosure was unduly surprising. After all, the experts had already been identified as fact witnesses in Blanzy's initial disclosures and they were mentioned again in the March 3, 2012 email. Therefore, it was not as though Blanzy was springing previously unmentioned witnesses upon Defendants at the last minute before, for example, trial or a dispositive motion hearing. Further, to some extent, Defendants were aware of the turmoil taking place within the law firm representing Blanzy. And finally, there has been no assertion whatsoever by Defendants that Blanzy's delay in serving her expert disclosures prohibited Defendants from deposing those expert witnesses. In other words, given the early stage of litigation, and in light of the fact that discovery had just begun, the few

days' worth of delay did not have the effect of hindering Defendants' ability to defend the case.[2] To the extent that Defendants were at all surprised, they could have easily cured such surprise by doing what they no doubt would do if this case were proceeding: depose the three medical providers identified as fact witnesses on February 15, 2012, and as potential expert witnesses on March 8, 2012.

Ultimately, there just has not been the sort of improper surprise or unfair prejudice that would justify the drastic sanction that Defendants seek of barring Blanzy from using expert testimony in any future action. Accordingly, I decline to attach that condition to the dismissal of Blanzy's case. At bottom, Defendants' opposition to Blanzy's motion is nothing more than an effort to preserve a perceived tactical advantage, and that is an insufficient justification. *See Dean*, 204 F.R.D. at 77. When, as here, the dismissal of a case pursuant to Rule 41(a)(2) will not result in substantial or unfair prejudice to the defendants, such an outcome is proper.

### V. CONCLUSION

For the reasons stated herein, Blanzy's motion for voluntary dismissal without prejudice shall be granted. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 28th day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] With a discovery period extending to May 30, 2012, and a trial that would not begin until August 28, 2012, Defendants cannot, in good faith, argue that they have been burdened with a prejudicial degree of surprise.